UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTINA MILLER, individually and on behalf
of all others similarly situated,

     Plaintiff,                        Case No.:

v.

NEUROPSYCHIATRIC INSTITUTE, LLC,
ALEIDA CRUZ, WALTER AFIELD, III,
and NEVA BROWNING JEFFRIES,

     Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTINA MILLER, individually and on behalf of all others similarly situated, ("Plaintiff"), sues the Defendants, NEUROPSYCHIATRIC INSTITUTE, LLC, ("NPI"), ALEIDA CRUZ ("Cruz"), WALTER AFIELD, III ("Afield") and NEVA BROWNING JEFFRIES ("Jefferies") and states:

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Fair Labor Standards Act ("FLSA"). This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

2.      Plaintiff's state law claims are so closely related to her claims under the
FLSA that they form part of the same case or controversy under Article
III of the United States Constitution.

3.      This Court also has jurisdiction over Plaintiff's FLSA claims pursuant
to 29 U.S.C. § 216(b).

4.      This Court is empowered to issue a declaratory judgment pursuant to
28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b), because a
substantial part of the events or omissions giving rise to the claims
occurred in this District.

6.      Plaintiff is a resident of Pinellas County, Florida, and a former
employee of the Defendants.

7.      NPI is a Florida limited liability company whose principal address is
4107 W. SPRUCE STREET, SUITE 100, TAMPA, FL 33607.

8.      Cruz is an individual who, upon information and belief, resides in
Tampa, Florida and is a managing member of NPI.

9.      Afield is an individual who, upon information and belief, resides in
Atlanta, Georgia and is a managing member of NPI.

10.     Afield regularly conducts business in Hillsborough County, Florida and
is subject to personal jurisdiction in Florida.

2

11.   Jefferies is an individual who, upon information and belief, resides in Atlanta, Georgia and is a managing member of NPI.

12.   Jefferies regularly conducts business in Hillsborough County, Florida and is subject to personal jurisdiction in Florida.

13.   Plaintiff is a Licensed Mental Health Counselor ("LMHC").

14.   On or about January 1, 2020, NPI and Plaintiff entered into an employment agreement under which Plaintiff was to provide evaluations and counseling/psychotherapy to patients and participate in litigation, as needed, regarding those patients (the "Agreement").   A true and correct copy of the Agreement is attached hereto as Exhibit "A."

15.   The Agreement, among other things, provided for the following compensation to be paid to Plaintiff:

> Compensation. Employer shall pay to Employee the following compensation
>
> (a) Employer shall pay to Employee a Productivity compensation equal to 48% of Net Collections during each calendar month for net collections during the term of this agreement (contract year), for services that are directly attributable to services rendered by Employee, minus applicable tax, Medicare and Social Security deductions, and any other deductions that are applicable for employee health, life or disability insurance. "Net Collections" defined as funds actually collected by the Employer during the applicable month in respect of services provided by Employee, less any

refunds made by the Employer in respect of such services during the applicable month.

(b) The basic salary shall be payable in monthly or other convenient installments as determined by Employer. In addition, the Board of Directors of Employer, in its sole and absolute discretion may, with respect to any year during the term hereof, award a bonus or bonuses to Employee. The compensation provided for in this  paragraph 3(a) shall be in addition to any pension or profit sharing payments set aside or allocated for the benefit of Employee.

(c) Employee shall assist Employer in all reasonable ways to collect the amounts billed for services rendered to patients by Employee; provided, however, the primary responsibility for collecting such amounts shall be the Employer's. It shall be Employer's sole determination as to what collection procedures should be followed, including the referral of delinquent billings to collection agencies and attorneys; and, Employer shall have the sole discretion in determining when amounts billed are uncollectible and in determining when collection efforts should be terminated.

(d) In addition to the foregoing, Employee shall be entitled to such fringe benefits as may be provided generally to employees of Employer as specified from time to time in Employer's Personnel Manual (Employee Handbook) , which document may be amended from time to time in the sole discretion of Employer provided, however, that Employee shall be notified of any such amendment within a reasonable time before such amendment becomes effective.

Exh. A at ¶ 3.

16.    During her employment, Plaintiff was never paid the base salary or provided the fringe benefits she was entitled to under the Agreement.

17.    In June of 2020, Plaintiff and Defendants agreed that Plaintiff's Productivity compensation would be increased from 48% of Net Collections to 49% of Net Collections beginning on July 1, 2020.

18.    Defendants never implemented this increase.

19.    On August 11, 2020, Plaintiff gave notice of her resignation in writing and in person, pursuant to paragraph 11(a) of the Employment Agreement.

20.    Section 11(a) of the Agreement only requires that Plaintiff provide 30 days' notice of her resignation. However, to help Defendant facilitate a smooth transition, Plaintiff agreed to work for a longer period.

21.    Thus, Plaintiff's last day working for Defendants was October 5, 2020.

22.    Thereafter, Defendants elected to delay timely client billing and not collect Plaintiff's clients' co-pays and court costs charged between August 11, 2020 and October 5, 2020 ("the Notice Period").

23.    After noting a severe decrease in her paycheck despite a consistent client load during the Notice Period, Plaintiff was informed that she would not be paid for the clients she treated during the Notice Period because their payments would be received by Defendants after her last day of work.

24.     Section 11(e) of the Agreement specifically states: "If the employment of Employee is terminated pursuant to the provisions of this paragraph 11, then and in that event . . . Employer shall pay to Employee any compensation earned through the date of termination but not paid to him prior to such termination."

25.     Defendants' delay in billing Plaintiff's clients to reduce the amount of her compensation is intentional and demonstrates bad faith.

26.     Plaintiff performed her duties and complied with all provisions of the Agreement.

27.     Pursuant to Section 3 of the Agreement, Plaintiff is entitled to 48% of Net Collections for all clients she saw during her employment, including those seen during the Notice Period, a base salary for the entire term of her employment, and fringe benefits for the entire term of her employment.

28.     During her employment, Plaintiff often lead group therapy sessions past the time the NPI offices closed and had to request that she wasn't left in the building alone with a group of children with mental health diagnosis (typically behavior problems)

29.     In addition to seeing patients, leading group therapy, and testifying in court cases, Plaintiff performed hours of administrative duties wach

week and complained several times about administrative staff not doing their jobs.

30. Plaintiff also spent hours each week completing patient file notes, treatment plans, and Family and Medical Leave Act paperwork.

31. Several therapists go into the office on Saturdays to catch up on paperwork.

32. NPI regularly required therapists to see patients for a minimum of forty hours per week and then complete all their paperwork.

33. Defendants' failure to pay Plaintiff for all hours worked violates not only the Agreement but also the Fair Labor Standards Act ("FLSA").

34. Furthermore, Defendants improperly treated Plaintiff as though she was exempt from the overtime requirement of the FLSA.

35. Because Defendants never paid Plaintiff her base salary as promised, she was not exempt under any of the salaried exemptions.

36. Furthermore, Plaintiff did not qualify for an exemption as a commissioned employee because Defendants did not keep track of her hours worked and Defendants business is not a retail or services establishment as defined by the FLSA.

37. To recover her unpaid wages, Plaintiff has retained the undersigned counsel to represent her and has agreed to pay counsel a reasonable fee for her services.

38. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FLSA and Section 488.08 of the Florida Statutes.

39. All conditions precedent to the maintenance of this action have occurred, have been waived, or otherwise performed.

## COUNT I – BREACH OF CONTRACT AGAINST NPI

40. Plaintiff hereby incorporates paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiff and NPI are parties to a legally binding contract, i.e. the Agreement.

42. NPI has materially breached this contract by failing to pay Plaintiff all compensation due therein and by failing to use reasonable means to collect monies owed by its patients for services provided by Plaintiff.

43. Plaintiff has been damaged by these material breaches.

44. Thus, Plaintiff is entitled to damages and judgment in her favor against NPI for breach of contract.

WHEREFORE, Plaintiff, Kristina Miller, requests that the Court enter a judgment in favor of her and against Defendant NEUROPSYCHIATRIC

INSTITUTE, LLC (a) making Plaintiff whole for all losses sustained by virtue of NPI's breach of the Employment Agreement through the award of money damages together with interest; (b) awarding Plaintiff all unpaid wages to which she is entitled under the Agreement; (c) awarding Plaintiff her attorneys' fees and costs incurred in this matter; and (d) granting any additional and further relief the Court deems appropriate.

## COUNT II – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANT NPI

45.     Plaintiff hereby incorporates paragraphs 1 through 39 above as if fully set forth herein.

46.     Plaintiff and NPI are parties to the Agreement, which is a legally binding contract.

47.     NPI has materially breached this contract by failing to pay Plaintiff all compensation due therein and by failing to use commercially reasonable means to collect monies owed by its patients for services provided by Plaintiff.

48.     NPI's actions are intentional and show bad faith with regard to its obligations under the Agreement.

49.     In particular, NPI's refusal to use commercially reasonable efforts to collect payments from Plaintiff's clients shows a violation of NPI's duty of good faith and fair dealing under the Agreement.

9

50.     Plaintiff has been damaged by NPI's breaches of its duty of good faith and fair dealing under the Agreement.

51.     Thus, Plaintiff is entitled to damages and judgment in her favor for NPI's breaches of its duty of good faith and fair dealing under the Agreement.

WHEREFORE, Plaintiff, Kristina Miller, requests that the Court enter a judgment in favor of her and against Defendant NEUROPSYCHIATRIC INSTITUTE, LLC (a) making Plaintiff whole for all losses sustained by virtue of NPI's breach of its duty of good faith and fair dealing through the award of money damages together with interest; (b) awarding Plaintiff all unpaid wages to which she is entitled under the Agreement; (c) awarding Plaintiff her attorneys' fees and costs incurred in this matter; and (d) granting any additional and further relief the Court deems appropriate.

## COUNT III – VIOLATION OF THE FLSA AGAINST ALL DEFENDANTS - Failure to Pay Minimum Wages

52.     Plaintiff hereby incorporates paragraphs 1 through 39 above as if fully set forth herein.

53.     Plaintiff brings this action on behalf of herself and similarly situated current and former NPI employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.,* and specifically, its

collective action provision, 29 U.S.C. § 216(b), for unpaid minimum wages and overtime.

54.   Plaintiff typically worked between approximately 40 and 60 hours per week for Defendants' benefit.

55.   Plaintiff was not paid the minimum wage for all hours worked, and was not paid overtime for all of the hours she worked over 40 in a workweek.

56.   Plaintiff worked these hours pursuant to Defendants' policies or practices of encouraging her and other employees to work full-time schedules, including overtime.

57.   Plaintiff is a covered employee within the meaning of the FLSA.

58.   Plaintiff has filed a written consent to join this action which is attached hereto as Exhibit B.

59.   Defendants are covered employers as defined by the FLSA.

60.   Defendants employed Plaintiff and similarly situated employees within the meaning of the FLSA.

61.   Defendants had substantial control over the working conditions of Plaintiff and similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

62. Defendants controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation and assigning their work.

63. On information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

64. Plaintiff brings FLSA minimum wage and overtime claims on behalf of herself and all similarly situated persons who work or have worked for Defendants during the past three years up to and until and the date of final judgment, who did not receive the minimum wage for all hours worked and/or overtime for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

65. All of the work that Plaintiff and the FLSA Collective performed was assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

66. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a. Willfully misclassifying Plaintiff and the FLSA Collective as exempt employees;

b. Willfully failing to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked;

c. Willfully failing to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours per workweek; and

d. Willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for the benefit of Defendants.

67.  Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked, and to pay an overtime premium for hours worked in excess of 40 per workweek.

68.  Defendants' conduct has been widespread, repeated, and consistent.

69.  Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective.

70.  Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to

Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

71.   Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff or the FLSA Collective.

72.   As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, Kristina Miller, requests that the Court enter a judgment in favor of her and the FLSA Collective and against Defendants, NEUROPSYCHIATRIC INSTITUTE, LLC, ALEIDA CRUZ, WALTER AFIELD, III, and NEVA BROWNING JEFFRIES as follows:

(a)   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA

Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

(b)     Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq.,* and the supporting United States Department of Labor regulations;

(c)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(d)     An injunction requiring Defendants to pay all statutory required wages pursuant to the FLSA;

(e)     Pre- and post-judgment interest;

(i)     Attorneys' fees and costs of this action; and

(k)     Such other relief as this Court shall deem just and proper.

## COUNT IV – VIOLATION OF THE FLSA AGAINST ALL DEFENDANTS - Failure to Pay Overtime Wages

73.     Plaintiff incorporates paragraphs 1 through 39 and 53 through 72 hereof, as if fully set forth herein.

74.     The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.,* and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

15

75.    Defendants have failed to pay Plaintiff and the FLSA Collective for hours that they worked in excess of 40 hours in a workweek.

76.    As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

WHEREFORE, Plaintiff, Kristina Miller, requests that the Court enter a judgment in favor of her and the FLSA Collective and against Defendants, NEUROPSYCHIATRIC INSTITUTE, LLC, ALEIDA CRUZ, WALTER AFIELD, III, and NEVA BROWNING JEFFRIES as follows:

(a)    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

(b)    Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq.,* and the supporting United States Department of Labor regulations;

(c)      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(d)      An injunction requiring Defendants to pay all statutory required wages pursuant to the FLSA;

(e)      Pre- and post-judgment interest;

(i)      Attorneys' fees and costs of this action; and

(k)      Such other relief as this Court shall deem just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Respectfully submitted March 3, 2021, by:

> _/s/Mandi  Clay, Esq._
> Mandi Clay, Esq.
> Florida Bar No.: 28808
> THREE THIRTEEN LAW, PLLC
> 10312 Bloomingdale Ave.
> Suite 108, #115
> Riverview, FL 33578
> Phone: 813-530-9849
> Email: mandi@threethirteenlaw.com
>                eservice@threethirteenlaw.com