# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KRISTINA MILLER, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                CASE NO. 8:21-cv-00504-SDM-AAS

NEUROPSYCHIATRIC INSTITUTE, LLC
ALEIDA CRUZ, WALTER AFIELD, III,
and NEVA BROWNING JEFFRIES,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND
## FOR DISMISSAL WITH PREJUDICE

Plaintiff Kristin Miller ("Miller" or "Plaintiff"), and Defendants, Neuropsychiatric Institute, LLC ("NPI"), Aleida Cruz ("Cruz"), Walter Afield, III ("Afield") and Neva Browning Jeffries ("Jeffries") (together, "Defendants"), collectively referred to herein as "the Parties," by and through their undersigned counsel, hereby jointly move this Court for an order approving settlement under the Fair Labor Standards Act ("FLSA") and dismissing this case with prejudice. The grounds for this Motion are as follows:

1

1. The parties have reached an agreement to resolve Plaintiff's individual claims in this case, which include disputed claims for alleged unpaid overtime and minimum wage under the FLSA.

2. In addition to the FLSA claims for unpaid overtime and minimum wage, Plaintiff brought non-FLSA claims for breach of contract, quantum meruit, and unjust enrichment. The parties have entered into a separate, confidential settlement agreement to resolve the Plaintiff's non-FLSA claims.

3. Because Plaintiff brought this action for unpaid overtime and minimum wage in part under the FLSA, the Court must approve the settlement of Plaintiff's FLSA claims. *Lynn Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court need not approve the agreement settling Plaintiff's non-FLSA claims.[1]

4. The parties' FLSA Settlement Agreement and Limited Release ("FLSA Settlement") is attached hereto as **Exhibit A.** The proposed

---

[1] As long as the terms of a non-FLSA settlement do not contaminate the terms of an FLSA settlement, *Lynn Food* does not require the court to review the non-FLSA settlement agreement. *Johnson v. Overdrive Systems II, Inc.*, 2016 WL 3511758 (M.D. Fla. June 1, 2016). No contamination of the FLSA Settlement has occurred: the parties negotiated the terms of the FLSA and non-FLSA settlement agreements separately and without regard for the terms of the other, including the provisions concerning attorneys' fees and the release of claims.

settlement is for $7,500.00 (gross) to Plaintiff for alleged unpaid wages, inclusive of liquidated damages; $3,350.00 for attorneys' fees; and $400 for costs.

## MEMORANDUM OF LAW

In the context of a private FLSA lawsuit, an employee may settle and release FLSA claims against a putative employer if the parties present the district court with a proposed settlement and the district court approves it. *Lynn Food Stores, Inc.*, 679 F.2d at 1353. In detailing the circumstances justifying court approval of an FLSA settlement, the Eleventh Circuit has said:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement in litigation.

*Id.* at 1354.

Federal district courts in Florida have addressed requested settlements of FLSA claims on various occasions, finding that such settlements should be approved only under certain circumstances. For example, the plaintiff generally cannot be required to agree to confidentiality and general release provisions for FLSA claims. *See e.g., Souto v. Sandler*, No. 17-80957, 2018 WL 8579819, at *1-*2 (S.D. Fla. Feb. 16, 2018); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010); *Dees v. Hydradry Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).

The FLSA Settlement in this case conforms to the standards articulated in those cases. It contains only a limited release and does not contain a confidentiality provision. Moreover, the agreement fairly compromises a disputed claim about Plaintiff's classification as a non-exempt employee. Plaintiff asserts that she was misclassified as an exempt employee and that she worked in excess of forty hours for certain workweeks without proper overtime compensation. Defendants assert that Plaintiff was properly classified as exempt, did not work in excess of forty hours in any workweek and was properly compensated for all hours worked.

The parties' negotiations were aggressive, focused, detailed and fact-based. The parties explored the likelihood of success (or not) of their factual and legal contentions. The parties believe that the settlement of Plaintiff's FLSA claims is fair and reasonable in light of the evidentiary proof and the expense and disruption inherent in completing discovery, preparing the claim/defenses for litigation, and the uncertainty of the outcome of litigation. Finally, the amount of Plaintiff's attorney's fee was agreed upon as a separate amount from Plaintiff's recovery.

**WHEREFORE**, the Parties request that the Court enter an Order approving the FLSA Settlement and dismissing this case with prejudice.

| | |
|---|---|
| */s/ Mandi Clay* <br> AMANDA CLAY <br> Florida Bar No. 28808 <br> mandi@threethirteenlaw.com; <br> eservice@threethirteenlaw.com <br> THREE THIRTEEN LAW, PLLC <br> 5408 Bruton Rd. <br> Plant City, FL 33565 <br> Telephone: 813-530-9849 <br> *Attorney for Plaintiff* | */s/ Richard M. Hanchett* <br> RICHARD M. HANCHETT <br> Florida Bar No. 709212 <br> rhanchett@trenam.com; <br> ac@trenam.com <br> Trenam, Kemker, Scharf, <br> Barkin, Frye, O'Neill & Mullis, P.A. <br> 101 East Kennedy Blvd., Suite 2700 <br> Tampa, Florida 33602-5150 <br> Tel: (813) 223-7474 / Fax: (813) 229-6553 <br> *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I certify that on March 26, 2021, I electronically filed the foregoing Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice by using the CM/ECF system which served notice and a copy on all counsel of record.

*/s/ Richard M. Hanchett*
Attorney
